**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| JANSSEN BIOTECH, INC.<br>    800 Ridgeview Drive<br>    Horsham, PA 19044<br><br>JANSSEN ONCOLOGY, INC.<br>    10990 Wilshire Boulevard<br>    Los Angeles, CA 90024<br><br>JANSSEN RESEARCH &<br>DEVELOPMENT, LLC,<br>    920 Raritan, NJ 08869, and<br><br>JOHNSON & JOHNSON,<br>    One Johnson & Johnson Plaza<br>    New Brunswick, NJ 08933<br><br>                    Plaintiffs,<br><br>              v.<br><br>FLAT LINE CAPITAL & KEVIN BARNES,<br>    8 The Green, Suite A<br>    Dover, DE 19901<br><br>                    Defendants. | Civil Action No. 2:24-06598 (MEF) (CLW)<br><br>**MISCELLANEOUS ACTION**<br>(in aid of *United States ex rel. Zachary Silbersher v. Janssen Biotech, Inc., et al.* D.N.J. Case No. 2:19-cv-12107-MEF-ESK)<br><br>*Document electronically filed* |

**BRIEF OF RELATOR ZACHARY SILBERSHER IN OPPOSITION TO
DEFENDANTS' MOTION TO COMPEL PRODUCTION OF DOCUMENTS
FROM FLAT LINE CAPITAL LLC AND KEVIN BARNES**

**LITE DEPALMA GREENBERG
& AFANADOR, LLC**
Bruce D. Greenberg
570 Broad Street, Suite 1201
Newark, NJ 07102
Tel: (973) 623-3000
Fax: (973) 623-0858
bgreenberg@litedepalma.com

*Attorneys for Plaintiff-Relator Zachary Silbersher*
[Additional Counsel on Signature Page]

## TABLE OF CONTENTS

**INTRODUCTION**................................................................................................................ 1

**BACKGROUND** .................................................................................................................3

    A. FLC's Motion to Intervene in the Valeant Qui Tam ...............................................3

    B. J&J Sought Discovery from Relator Regarding FLC, but Never Moved to Compel ...........6

**ARGUMENT**......................................................................................................................7

    I. The Subpoena Seeks Information Neither Relevant Nor Material to J&J's Defenses............7

    II. The Subpoena Improperly Seeks Information from a Third-Party ..........................................9

**CONCLUSION** ...................................................................................................................11

i

# TABLE OF AUTHORITIES

**Cases**

*In re Novartis & Par Antitrust Litig.*,
No. 2:19-MC-00149, 2019 WL 5722055 (E.D. Pa. Nov. 5, 2019) …………………………..10

*United States v. Ctr. for Diagnostic. Imaging, Inc.,* No. C05-0058RSL,
2011 WL 6300174 (W.D. Wash. Dec. 16, 2011) …………………………………………………9

*United States. ex rel. Donald Gale v. Omnicare, Inc.*, No. 10-cv-127,
2013 WL 3822152 (N.D. Ohio, Jul. 23, 2013) …………………………………………………9

*United States ex rel. Zachary Silbersher v. Valeant Pharms. Int'l, Inc.,*
No. 3:18-cv-01496-JD (N.D. Cal.) …………………………………………………………….*passim*

*United States. ex rel. Zachary Silbersher v. Valeant Pharms. Int'l, Inc.*,
84 F.4th 1154 (9th Cir. 2024) ……………………………………………………………………….4

*Virginia Dept. of Corrections v. Jordan*,
921 F.3d 180 (4th Cir. 2019) ………………………………………………………………………10

**Statutes**

31 U.S.C. §§ 3729-33 …………………………………………………………………………………1

**Rules**

Federal Rule of Civil Procedure 45 …………………………………………………………………1

## INTRODUCTION

Plaintiff-Relator Zachary Silbersher ("Relator") in *U.S. ex rel. Silbersher v. Janssen Biotech, Inc.* et al., Civil Action No. 19-12107 (D.N.J.) hereby opposes the motion to compel compliance with a Rule 45 subpoena (the "Subpoena") served on Flat Line Capital, LLC ("FLC") and Kevin Barnes (with FLC, "Barnes")[1] by Janssen Biotech, Inc., Janssen Oncology, Inc., Janssen Research & Development, LLC, and Johnson & Johnson (collectively, "J&J").

J&J's motion repeatedly parrots Barnes' allegation that Relator purportedly used confidential information and work product from Barnes in a different lawsuit involving different defendants, different patents, and a different drug. J&J admittedly takes that allegation at "face value" (Mot.[2] at 10), and on that basis alone argues its Subpoena is both reasonable and appropriate. For many reasons, that is wrong.

*First*, there is no responsive information for the discovery that J&J primarily seeks from the Subpoena—namely, communications and documents between Relator and Barnes (or FLC) related to *this* action. Relator never had any communications with Barnes (or FLC) about Zytiga, the '438 patent or this action. There is nothing there.

J&J's real motivation behind the Subpoena is to improperly take discovery of the dispute between Relator and Barnes (or FLC) in connection with an unrelated case: *United States ex rel. Zachary Silbersher v. Valeant Pharms. Int'l, Inc.*, No. 3:18-cv-01496-JD (N.D. Cal.) (the "Valeant Qui Tam"). As explained below, the Valeant Qui Tam was filed months after this case

---

[1] As far as Relator is aware, Barnes is the only principal or employee of FLC (Greenberg Decl. Ex. B para. 10,) and therefore, except where specified, Barnes and FLC will be collectively referred to as "Barnes".

[2] References to "Mot." are to J&J's Statement of Points and Authorities in Support of Motion to Compel Production of Documents from Flat Line Capital LLC and Kevin Barnes, dated May 20, 2024.

1

was filed, and it involves different facts, different defendants, different patents and a different drug.

*Second*, J&J omits Barnes' threatening, harassing and defamatory misconduct directed against Relator. This conduct, which was previously documented to the Ninth Circuit and is recounted here, demonstrates the unreliability of Barnes' accusations in the Valeant Qui Tam as well as the impropriety of interjecting them into this action.

*Third*, J&J omits that Barnes' attempt to intervene in Valeant Qui Tam was denied, and Barnes' allegations were never proven. In the nearly four years since Barnes' failed motion to intervene, he never filed any subsequent action or suit.

*Fourth*, Barnes has not made any allegations or claims whatsoever regarding *this* action—belying J&J's misleading suggestion that they are trying to obtain discovery concerning this case. The fact that Barnes made unproven allegations against Relator in a different action does not justify compelling discovery here.

*Fifth*, J&J claims the Subpoena seeks information "critical" to its defenses. But even assuming, *arguendo*, that Barnes has information connected to this case, any such evidence would not reasonably be calculated to lead to admissible evidence. In a *qui tam* action, the claims belong to the Government, and numerous courts have held that even a Relator's unclean hands is irrelevant to the merits of the claims. This case is about J&J lying to the Patent Office to obtain an invalid patent that was used to overcharge the Government billions of dollars. Whatever Barnes may think about Relator in a completely different case simply has no relevance to any material fact at issue in this case.

*Sixth*, much of the discovery sought by the Subpoena is necessarily in Relator's possession, and it has already been the subject of discovery between the parties. J&J should not

2

be permitted to compel discovery from a third-party when it failed to move to compel that same discovery from a party to the action.

Simply put, nothing about Barnes's failed attempt to intervene in the Valeant Qui Tam belongs here, and the Court should not countenance J&J's attempt to import false and irrelevant information into this case simply to harass Relator, especially when such information is not reasonably calculated to lead to admissible evidence.

## BACKGROUND

**A. FLC's Motion to Intervene in the Valeant Qui Tam**

In 2015, FLC hired Relator's law firm, Kroub Silbersher & Kolmykov, PLLC ("Kroub Silbersher") to file and litigate an *inter partes* review proceeding ("IPR") at the Patent Office. The IPR sought to invalidate a patent directed to a method for treating ulcerative colitis—it had nothing to do with prostate cancer. Relator acted as lead counsel and prevailed in that proceeding. That proceeding was limited to invalidating a patent based upon published prior art relating to Valeant's Apriso® drug, and it had nothing to do with any assertion of "commercial success" as a secondary consideration to overcome the obviousness of a claimed invention (which is the alleged fraud in this case). Indeed, there were no allegations related to fraud in that IPR proceeding whatsoever. Fraud cannot be raised in an IPR as a basis to invalidate a patent.

In 2018, a few years after prevailing in the IPR, Relator filed a lawsuit against, *inter alia*, Valeant Pharmaceuticals, under the False Claims Act (previously defined as the "Valeant Qui Tam").[3] The Valeant Qui Tam was filed several months after this action. The Valeant Qui Tam is not related to Relator's pending *qui tam* lawsuit against J&J. Nor is the Valeant Qui Tam simply a rehash of the Valeant IPR—importantly, it includes specific allegations of fraud, intent,

---

[3] *United States ex rel. Zachary Silbersher v. Valeant Pharms. Int'l, Inc.*, Case No. 3:18-cv-01496-JD (N.D. Cal.).

3

materiality, and damages—none of which were discussed, disclosed, or even put at issue in the IPR. *Cf. U.S. ex rel. Silbersher v. Valeant Pharms., Int'l*, 84 F.4th 1154, 1168 (9th Cir. 2024) ("In sum, the scattered qualifying public disclosures may each contain a piece of the puzzle, but when pieced together, they fail to present the full picture of fraud. In his *qui tam* action, Silbersher filled the gaps by stitching together the material elements of the allegedly fraudulent scheme.").

Despite this, in August 2020, Barnes claimed for the first time that the Valeant Qui Tam case belonged to him. FLC was not the only client that Kroub Silbersher acted on behalf of in the IPR. Rather, the first-named petitioner on the IPR was GeneriCo, LLC, but GeneriCo has never made any claim against the Valeant Qui Tam or against Relator.

Barnes then proceeded to engage in conduct to force Relator into a settlement. Barnes' conduct was extensively documented in the Ninth Circuit filings in opposition to Barnes' motion to intervene in the Valeant Qui Tam. (*See* Greenberg Decl. Exs.[4] A, B, C, D). Barnes contacted Relator's wife, even though they had never met or had any prior relationship. Barnes created a fake social media page on Twitter that used Relator's full name and impersonated him. The page included content about drug cartels that was inappropriate for a professional Twitter page. Barnes sent the defamatory Twitter page impersonating Relator to approximately 100 people and organizations within Relator's professional network, including Relator's wife. Barnes used the impersonating Twitter page to threaten to have Relator disbarred. Barnes also created a website with Relator's full name (www.zacharysilbersher.com) that also impersonated Relator to harass

---

[4] References to "Greenberg Decl. Ex. __" are to the Declaration of Bruce D. Greenberg in Opposition to Motion to Compel Production of Documents From Flat Line Capital LLC and Kevin Barnes, filed herewith.

4

and humiliate him. Barnes emailed a message to Relator's counsel quoting a character from a movie, *American Psycho*, right before that character murders a coworker with an axe.

Barnes then moved to intervene in the Valeant Qui Tam. Relator submitted evidence of all of the foregoing conduct to the Ninth Circuit in opposition to Barnes' motion to intervene. (*See* Greenberg Decl. Exs. A,B, C, D). Barnes did not deny any of the foregoing conduct. (*Id.* Ex. F at 1).

Barnes' motion to intervene in the Valeant Qui Tam alleged that Relator had relied upon "confidential client information and work-product misappropriated from FLC" to bring the Valeant Qui Tam. (Mot. at 7-8). Yet, Barnes never explained what information? or which work product? None of this critical information was ever identified or fleshed out in Barnes' motion. If Barnes' had such particulars, he would have provided them. Instead, Barnes set forth merely vague, non-specific allegations. (*See* Greenberg Decl. Ex. A at 9-15; Ex. F).

J&J's current motion to compel does the same. J&J repeatedly parrots Barnes' allegation that Relator purportedly misappropriated "highly confidential information and proprietary work product." (Mot. at 7). Yet, J&J adds no particulars or specifics to those allegations. Rather, J&J adopts Barnes' vague allegations even though they have never been proven or substantiated. Indeed, J&J admits that it is adopting them at "face value." (Mot. at 11).

In opposition to Barnes' motion to intervene, Relator also filed a declaration from W. Bradley Wendel, who is a professor of legal ethics at Cornell Law School (and author of an often used legal ethics textbook). (Greenberg Decl. Ex. E; *see also id.* Ex. A at 2, 10). That declaration testified that Relator's conduct did not violate any applicable ethics laws. Barnes did not refute Prof. Wendel's declaration with a contrary opinion from another expert. (*Id.* Ex. F). Again, this information was also omitted from J&J's motion to compel.

5

In February 2021, the Ninth Circuit denied Barnes' motion to intervene in the Valeant Qui Tam with a one-paragraph order. (*Id.* Ex. G). Neither FLC nor Barnes ever appealed or moved for reconsideration of that order. In the years since, Barnes never filed a subsequent claim or lawsuit in connection with this dispute.

### B. J&J Sought Discovery from Relator Regarding Barnes, but Never Moved to Compel

Over two years ago, on March 25, 2022, J&J served discovery requests against Relator in this action. (Greenberg Decl. Ex. H). Request for Production No. 27 sought the following information from Relator:

> All communications with Flat Line Capital LLC, or any person acting on Flat Line Capital LLC's behalf, relating to the claims and allegations in *United States ex rel. Silbersher v. Valeant Pharm. Int'l Inc., et al.*, Civil Case No. 3:18-cv-01496-JD (N.D. Cal.), including the origin of information resulting in those claims and allegations, and any documents and communications with current and/or former clients relating to the use of information for litigation pursuant to the False Claims Act, 31 U.S.C. §§ 3729 – 3733, or Federal antitrust laws, and documents concerning those communications.

On April 25, 2022, Relator objected to J&J's Request for Production No. 27 as follows:

> In addition to the foregoing General and Specific Objections, Plaintiff objects to this Request as overbroad and neither relevant to the claims or defenses of any party to this litigation, nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to producing any documents within its possession, custody or control relating to any of his clients unrelated to Zytiga® or this litigation. As to any documents not specifically excluded, Plaintiff states that there are no responsive documents.

(*Id.* Ex. I). J&J never moved to compel regarding this request or otherwise raised the issue with the Court.

Apart from that, J&J otherwise sought discovery from Relator regarding his prior communications with consulting clients regarding about "inequitable conduct," "evergreening," "commercial success" or liability before the USPTO—several of the topics at issue in the Subpoena. Relator has already produced information responsive to those requests, and J&J never

6

filed any motion to compel further information. J&J has also not otherwise subpoenaed any of Relator's other legal or non-legal clients. In short, much of the information the Subpoena seeks has already been covered by discovery sought by J&J and produced by Relator in this action.

## ARGUMENT

### I. The Subpoena Seeks Information Neither Relevant Nor Material to J&J's Defenses

J&J is clearly aware of this Barnes' prior conduct because J&J is aware of Barnes' prior motion to intervene and Relator's opposition thereto. (Mot. at 7). Despite this, J&J repeatedly parrots Barnes' allegations without providing any of the background. J&J does not add any further facts to substantiate these allegations, which were never proven, but admits to taking them "at face value." (Mot. at 11). J&J claims that, based on Barnes' allegations, it is "reasonable and appropriate" to seek information from Barnes about this case—including J&J, Zytiga, the '438 patent, or the subject matter of this action. (Mot. at 10.)

There is nothing reasonable about that. Neither Barnes (nor FLC) has ever made a motion to intervene *in this action.* Neither Barnes (nor FLC) has ever filed a claim for any interest *in this action*. The fact that Barnes made unproven allegations against Relator in a *different* action does not make it reasonable to compel discovery from Barnes in *this* action. Barnes made the allegations close to four years ago, but after his motion to intervene was denied, he never pursued a suit or claim to prove them. These stale and unproven allegations are insufficient to compel discovery from a third party.

Going further, Relator's opposition to Barnes' motion to intervene in the Valeant Qui Tam appeal included evidence that Barnes' allegations against Relator are not credible. (*See e.g.,* Greenberg Decl. Ex. B ¶¶ 4-9). This is another reason why taking those allegations at "face value" is unreasonable.

7

The Subpoena's other requests are even farther afield. They seek communications with Relator about "inequitable conduct," "evergreening," "commercial success" or liability before the USPTO. (Mot. at 10-11.) Yet, as discussed above, the parties to this action have already addressed and exchanged pertinent discovery on these topics. J&J never otherwise moved to compel that discovery from Relator. The Subpoena also seeks information about two additional litigations that are unrelated to this action (the Valeant Qui Tam and another action involving Allergan). J&J's motion to compel does not even attempt to justify these requests.

Moreover, J&J's motion to compel was filed just a couple of weeks before the end of fact discovery. If J&J had uncovered any evidence throughout fact discovery that Relator purportedly stole "confidential client information and work product misappropriated from" a third-party related to *this* action, then J&J would have raised that information in its motion to compel. Yet, it didn't. It raises nothing but the same stale and unproven sentence that Barnes made years ago in connection with a different action.

Nor is J&J's motion to compel appropriate. It is not appropriate for J&J to parrot unproven allegations about Relator, who is an attorney, in a public filing, especially given the source of those allegations. Given the context within which Barnes made those allegations against Relator—including manufacturing a Twitter account and a web page that impersonated Relator, using those pages to threaten Relator, contacting Relator's wife, presenting evidence for why the allegations lacked merit—this is clearly an instance where it is wholly *inappropriate* to take such allegations at "face value." Indeed, J&J's decision to do so, given the context, is deeply troubling.

Despite having no claim to this action, Barnes' invitation for a subpoena, coupled with his prior conduct, speaks for itself. (*See* Mot. Ex. D (Barnes offering to be "as helpful as

8

possible" with supposed ethical issues concerning Relator)). Relator has no idea what dirt Barnes thinks he can provide to J&J, short of Barnes manufacturing information—indeed, Barnes has already manufactured a Twitter account and website that impersonated Relator. This is just malice and should not be sanctioned.

Even if such dirt existed, it would be irrelevant, because this case is brought under the False Claims Act to recover for fraud on the Government. This case is not about the Relator. The claim belongs to the Government. As a result, courts hold that a relator's unclean hands (even assuming for the sake of argument that it exists) is not a defense to a *qui tam* action. *See e.g., United States v. Ctr. for Diagnostic. Imaging, Inc.,* No. C05-0058RSL, 2011 WL 6300174, at *3 (W.D. Wash. Dec. 16, 2011) ("The Court notes that the Ninth Circuit has already concluded that a qui tam defendant may not defend an FCA action by asserting that a qui tam plaintiff has unclean hands."); *United States ex rel. Donald Gale v. Omnicare, Inc.*, Case No. 10-cv-127, 2013 WL 3822152, at **8-9 (N.D. Ohio, Jul. 23, 2013). Accordingly, nothing that J&J seek in the Subpoena is even arguably calculated to lead to admissible evidence.

Finally, to put a finer point on it, Relator is not aware of any prior communications or documents exchanged with Barnes (or FLC) regarding this lawsuit, Zytiga, the '438 patent, or the subject matter of this action. Relator has conducted an extensive search of his files and has uncovered no such prior communications or documents.

II.     **The Subpoena Improperly Seeks Information from a Third-Party**

Each document request in the Subpoena seeks "[a]ll documents and communications with Relator, Markman Advisors LLC, and/or Kroub, Silbersher & Kolmykov PLLC . . . ." Silbersher is the Relator in this action, and therefore, potentially responsive information is in the possession of a party to this action. As discussed above, J&J previously served written discovery to Relator

9

seeking documents related to FLC and Barnes. Relator objected to that discovery, and J&J never moved to compel. Rather than seeking the information from a third party, the proper course would have been for J&J to move to compel against Relator.

The Court should not grant a motion to compel information against a third party when the same information could have been sought directly from a party to this action. In the context of a subpoena from a non-party, "courts should also consider what information is available to the requesting party from other sources." *In re Novartis & Par Antitrust Litig.*, No. 2:19-MC-00149, 2019 WL 5722055, at *7 (E.D. Pa. Nov. 5, 2019) (citing *Virginia Dept. of Corrections v. Jordan*, 921 F.3d 180, 189 (4th Cir. 2019)). The party requesting discovery "should be able to explain why it cannot obtain the same information, or comparable information that would also satisfy its needs, from one of the parties to the litigation." *Id*.

J&J cannot make that showing here. They never moved to compel this information. Therefore, J&J have waived their right to seek this information that they now belatedly and improperly seek from a third-party at the close of discovery.

10

## CONCLUSION

For the foregoing reasons, J&J's motion to compel should be denied.

|  |  |
|---|---|
| | **LITE DEPALMA GREENBERG<br>& AFANADOR, LLC** |
| Dated: June 21, 2024 | /s/ *Bruce D. Greenberg*<br>Bruce D. Greenberg<br>570 Broad St, Suite 1201<br>Newark, NJ  07102<br>Tel: (973) 623-3000<br>bgreenberg@litedepalma.com |

**HERRERA KENNEDY LLP**
Nicomedes Sy Herrera (*pro hac vice*)
Bret D. Hembd (*pro hac vice*)
1300 Clay Street, Suite 600
Oakland, California 94612
Telephone: (510) 422-4700
NHerrera@HerreraKennedy.com
BHembd@HerreraKennedy.com

**SPARACINO PLLC**
Tejinder Singh (*pro hac vice*)
1920 L Street, NW, Suite 835
Washington, DC 20036
Telephone: (202) 629-3530
TSingh@sparacinopllc.com

**MORGAN & MORGAN**
James Young (*pro hac vice*)
501 Riverside Ave, Suite 1200
Jacksonville, FL 32202
Telephone: (904) 361-0012
JYoung@ForThePeople.com

**MORGAN & MORGAN**
Clark Bolton (*pro hac vice*)
Juan Martinez (*pro hac vice*)
201 N Franklin Street, 7th Floor
Tampa, FL 33602
Telephone: (813) 223-5505
CBolton@ForThePeople.com
JuanMartinez@ForThePeople.com

***Attorneys for Plaintiff-Relator
Zachary Silbersher***

11